UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PAUL BOVEE,

                                 Plaintiff,

    v.                                                              5:24-CV-1138
                                                                             (DNH/MJK)

AUBURN POLICE DEPARTMENT, et al.,

                                 Defendants.
_____

PAUL BOVEE, Plaintiff, pro se

MITCHELL J. KATZ, U.S. Magistrate Judge

## DECISION and ORDER

The Clerk has sent to the court for review a complaint, together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff, Paul Bovee. (Dkt. Nos. 1, 3, 7).

**I.**     <u>**Procedural History**</u>

On September 19, 2024, plaintiff filed a pro se civil rights complaint with this court. (Complaint ("Compl.")) (Dkt. No. 1). On September 20, 2024, U.S. District Judge David N. Hurd ordered that this matter be administratively closed due to plaintiff's failure to pay the filing fee, or otherwise submit an application to the court to proceed in forma pauperis ("IFP"). (Dkt. No. 2). Judge Hurd indicated that, if plaintiff desired to pursue this action, he must, within thirty (30) days, either (1) pay the $405.00 filing fee in full; or (2) submit a completed and signed IFP application. (*Id.*). Judge Hurd further explained that, in the event plaintiff chose to file an IFP application, it

1

must be accompanied by a signed inmate authorization form in accordance with the court's local rules. (*Id.*). Plaintiff was provided with a blank IFP application and inmate authorization form. (*Id.*).

On October 4, 2024, plaintiff filed an application for leave to proceed IFP, with an accompanying inmate authorization form. (Dkt. Nos. 3, 4). Accordingly, Judge Hurd directed the court to reopen this action and restore it to the court's active docket. Plaintiff filed a second application to proceed IFP, with an accompanying inmate authorization form, on October 7, 2024. (Dkt. Nos. 6, 7). Plaintiff's IFP Applications and the complaint are now before me for initial review.

## II.    **IFP Application**

A civil action is commenced in federal district court "by filing a complaint." Fed. R. Civ. P. 3. The filing fees must be paid at the time an action is commenced, unless an IFP Application is submitted to the Court. *See* 28 U.S.C. §§ 1914(a), 1915(a). The federal statute governing applications to proceed in forma pauperis in federal court, the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, permits litigants to proceed IFP in order to ensure that indigent persons have equal access to the judicial system. *Davis v. N.Y.C. Dept. of Educ.*, No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010).

The IFP statute provides in pertinent part that an IFP Application must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison

at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In accordance with Local Rule 5.1.4 of the Local Rules of Practice for the Northern District of New York, a prisoner seeking in forma pauperis status in a civil action subject to the PLRA may satisfy this requirement by submitting a completed, signed, and certified IFP Application. L.R. 5.1.4(b)(1)(A). "The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court." *DiGianni v. Pearson Educ.*, No. 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010).

     Here, although it appears that plaintiff is attempting to comply with the court's prior orders, his IFP Applications have not been certified by an appropriate official, nor have copies of his inmate account statements been provided. On October 4, 2024, plaintiff filed an application for leave to proceed in forma pauperis on a form other than that which was provided to him with Judge Hurd's September 20, 2024 Order. (Dkt. No. 3). That IFP Application did not include a certification, however plaintiff represented to the court that he "filled out the papers" and "sent them to inmate accounts over a week ago[,]" and has "wr[itten inmate accounts] twice asking them to [please] hurry up and send [the required documents] back . . . ." (Dkt. No. 3 at 7). Plaintiff stated that as of October 4th, he "still ha[dn't] heard anything." (*Id.*). Plaintiff's second IFP Application, filed on October 7, 2024, also lacks the requisite certification and/or accompanying account statements. (Dkt. Nos. 6, 7).

     In light of plaintiff's pro se status and because it appears he has attempted to comply with this court's directives, the court will stay consideration of plaintiff's pending IFP Applications, and afford him a final opportunity to comply with the filing

fee requirement.  In an effort to assist plaintiff, the Clerk is directed to provide him with two copies of this decision and order, along with two blank IFP Applications,[1] for his use in requesting either that (1) the certification section of his completed IFP Application be completed, signed, and returned to him by an appropriate official at his facility, or (2) he be provided with a certified copy of his trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint. Or, in the alternative, plaintiff may pay the filing fee in full.  If plaintiff fails to timely comply with this decision and order, I will issue a recommendation to the district judge that this action be dismissed without prejudice.

**WHEREFORE,** it is hereby

**ORDERED**, that consideration of plaintiff's pending IFP Applications (Dkt. Nos. 3, 6) be **STAYED**, and it is further

**ORDERED,** that within thirty (30) days of the filing date of this decision and order, plaintiff must either (1) pay the filing fee in full, or (2) submit an IFP application which has been completed and signed by him and which has been certified by an appropriate official at his facility,[2] and it is further

**ORDERED,** that that the Clerk serve two copies of this decision and order on plaintiff, along with two blank IFP application, for his use in requesting either that the certification section of his IFP application be completed, signed, and returned to him by

---

[1] Plaintiff has provided the court with an executed inmate authorization form.  (See Dkt. No. 7).

[2] As noted, certified account statements may be submitted in lieu of the completed Certificate portion of the IFP application. See 28 U.S.C. § 1915(a)(2).

an appropriate official, or that he be provided with a certified copy of his trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, so that he may submit one of these items to this court, and it is further

**ORDERED,** that upon the earlier of the expiration of thirty days, or plaintiff's submission of the filing fee/a completed IFP application, the Clerk return this matter to me for further review.

Dated: October 9, 2024

Mitchell J. Katz
U.S. Magistrate Judge